John F. BLACKWELL, III, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 83–2811–CIV–EPS

United States District Court, S.D. Florida, Miami Division.

June 28, 1984.

Richard Wingate, Miami, Fla., for plaintiff.

Marilynn Koonce, Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

SPELLMAN, District Judge.

THIS CAUSE comes before the Court on Defendant's, the UNITED STATES OF AMERICA, Motion to Dismiss for lack of subject matter jurisdiction, filed May 3, 1984, and the Court having reviewed the record and being otherwise duly advised, it is hereby

ORDERED AND ADJUDGED that said motion be and is hereby GRANTED.

### FACTS

Plaintiff in this case had his United States Coast Guard license number 146714 revoked on February 20, 1981, by order of a United States Coast Guard Administrative Law Judge as a result of Plaintiff's activities during the "Mariel Boatlift" which brought over one-hundred-thousand Cuban refugees to South Florida in 1980. Pursuant to 46 C.F.R. 5.30–1 and 46 U.S.C. 239(g), Plaintiff filed a timely appeal of the Administrative Law Judge's decision to the Commandant of the United States Coast Guard. On April 7, 1983, the Commandant affirmed the decision of the ALJ. Service of the Commandant's decision was effected on April 15, 1983, which decision may be appealed from upon timely notice to the National Transportation Board ("Board"). The Board's procedural rules provide, in part:

"A party may appeal from the Commandant's decision sustaining an order of revocation ... by filing a notice of appeal with the Board within ten (10) days after service of the Commandant's decision upon the party or his designated attorney. Upon good cause shown, the time for filing may be extended."

49 C.F.R. 825.5(a).

Plaintiff filed a notice of appeal to the Board, but not until June 24, 1983, almost two (2) months after service of the Commandant's decision, and claimed that the delay in filing was due to a sudden substantial workload increase. The Coast Guard then moved to dismiss the notice of appeal, the motion being granted by the Board on October 27, 1983. Plaintiff then brought this action for de novo review of the ALJ's decision, claiming the ruling was inordinately harsh.

### STATUTORY PROVISIONS

Plaintiff seeks review by the District Court, relying on 5 U.S.C. 701, *et seq.*, more commonly known as the Administrative Procedures Act ("APA"). The APA permits judicial review of agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court. 5 U.S.C. 704. In this case, the agency action is indeed reviewable, but the statute at issue specifically calls for review by the Court of Appeals. Orders from the Board are reviewable by the Court of Appeals pursuant to 49 U.S.C. 1903(d), which reads in part:

"(d) Any order, affirmative or negative, issued by the Board under this chapter shall be subject to review by the appropriate court of appeals of the United States ... upon petition filed within 60 days after entry of such order.... Such review shall be conducted in accordance with the provisions of Chapter 7 of Title 5."

Any review by the District Court, particularly de novo review, would simply fly in the face of Congress' clear placement of jurisdiction in the Court of Appeals in situations like this one.

## CONCLUSION

Plaintiff claims that he seeks de novo review of the ALJ's ruling, not review of the Board's decision to grant the government's motion to dismiss. All the Court can find to respond to the Plaintiff's claim that 49 U.S.C. 1903(d) does not apply to the issue of review in this case is that the Plaintiff is simply mistaken. Although the parties seem to agree that the Plaintiff has exhausted his administrative remedies, this Court remains unconvinced of this argument from a purely legal standpoint. If the Plaintiff had filed a timely appeal, then perhaps he would have exhausted his administrative remedies. The facts in this case show that the Plaintiff failed to avail himself of the remedies available to him, and seeks to use his mistake as grounds to invest this Court with jurisdiction which it clearly cannot assert. The Plaintiff, in a sense, has forfeited his right to judicial review by failing to contest the agency's decision in a timely manner. *See Energy Cooperative, Inc. v. United States Department of Energy,* 659 F.2d 146 (Temp.Emer. App.1981). Furthermore, the Plaintiff has not suggested any grounds recognized by case law to cause this Court to ignore clear statutory directive and hear this case. *See United Parcel Services, Inc. v. United States Postal Service,* 524 F.Supp. 1235 (D.Del.1981). In short, this Court is wholly without jurisdiction.

Based on the above and foregoing, this cause be and the same is hereby dismissed without prejudice and in accordance with the terms of this order.