**SEMINOLE PIPELINE COMPANY, Plaintiff,**

**v.**

**Carl VOGT, Chairman, National Transportation Safety Bd., Defendant.**

**Civ. A. No. 92–1731 (CRR).**

United States District Court, District of Columbia.

July 28, 1992.

Cheryl C. Burke, Sanford M. Sauners, Leslie M. Turner and James C. Osborne of Akin, Gump, Hauer & Feld, Washington, D.C., for plaintiff.

Jay B. Stephens, U.S. Atty., D.D.C., John D. Bates and Fred Haynes, Asst. U.S. Attys., Washington, D.C. and Agency Counsel, Ronald S. Battocchi, and Steven Heller of Nat. Safety Transp. Bd., Washington, D.C., for defendant.

MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

The Plaintiff owns and operates a salt dome storage facility for highly volatile natural gas liquids in Brenham, Texas. On April 7, 1992, an explosion occurred in an area allegedly near to the site of Plaintiff's facility, killing three people. The Defendant National Transportation Safety Board (NTSB) thereafter commenced a fact-finding investigation in the hope of implementing regulations and other remedial steps to prevent such catastrophic incidents in the future.[1] The NTSB has scheduled a hearing for July 29, 1992 as part of the investigation.[2]

In this action, the Plaintiff Seminole Pipeline Company seeks an emergency order enjoining the Defendant NTSB from holding the July 29, 1992 Hearing. Plaintiff claims that the Defendant agency has arbitrarily and capriciously denied its request for a continuance of the Hearing, despite Plaintiff's plea that a continuance is necessary in order to gather much-needed evidence regarding the storage capacity of the salt dome facility. The Plaintiff further claims that the agency has, by regulation, improperly excluded attorneys from meaningful participation in the fact-finding hearing.[3] The Defendant vigorously opposes the request for injunctive relief, claiming, *inter alia*, that the Court lacks subject matter jurisdiction over the action and that the Plaintiff is not entitled to relief on the merits. The Court held a Hearing on Plaintiff's Motion on July 24, 1992, and, at the conclusion thereof, requested the parties to submit further briefing. Upon consideration of the Plaintiff's Motion, the Defendant's opposition thereto, the applicable law and the record herein, the Court shall transfer the instant action

---

1. *See, e.g.,* Letter from Susan Coughlin (NTSB) to R.T. Cronk (Seminole Pipeline Co.), dated July 23, 1992. A copy of this letter was presented to the Court at the July 24, 1992 Hearing.

2. The agency has captioned the investigation: "In the Matter of the Investigation of the Seminole Pipeline Company's Salt Dome Cavern Storage Facility Accident Near Brenham, Texas,

on April 7, 1992." *See* Exhibit N, attached to the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

3. The Rule provides that "[p]arties shall be represented by suitable qualified technical employees or members who do not occupy legal positions." 49 C.F.R. § 845.13(a) (1990).

to the United States Court of Appeals for the District of Columbia Circuit, pursuant to 28 U.S.C. § 1631 and 49 U.S.C.App. § 1903(d), for lack of subject matter jurisdiction.

 Before embarking upon any discussion of the merits of Plaintiff's claims, this Court must first determine whether it has subject matter jurisdiction. As the Defendant points out, Congress vested the United States Courts of Appeals with the power to review "any order" rendered by the NTSB:

> Any order, affirmative or negative, issued by the Board under this chapter shall be subject to judicial review by the appropriate court of appeals of the United States or the United States Court of Appeals for the District of Columbia Circuit, upon petition filed within 60 days after entry of such order, by any person disclosing a substantial interest in such order. Such review shall be conducted in accordance with the provisions of chapter 7 of Title 5.

49 U.S.C.App. § 1903(d). This provision vests exclusive jurisdiction in the Court of Appeals over all "orders" issued by the NTSB. *See Blackwell v. United States*, 586 F.Supp. 947 (S.D.Fla.1984) (interpreting § 1903(d) so as to divest the District Court of jurisdiction). Moreover, there can be no question in this Circuit that, in the context of a special review statute, the term "order" also encompasses agency regulations. *Investment Co. Institute v. Bd. of Governors of the Fed. Reserve*, 551 F.2d 1270, 1276–1278 (D.C.Cir.1977) (finding that the Court of Appeals has exclusive jurisdiction to review agency regulations, as well as orders, under a special review statute in the Bank Holding Company Act of 1956).[4] Thus, the Court of Appeals has exclusive jurisdiction to determine whether the attorney exclusion rule, as well as any rules to be issued with respect to the Brenham explosion, violate the Fifth Amendment or the Administrative Procedure Act.

With respect to the Constitutional and APA challenges, Plaintiff claims that, un-

der *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 78 (D.C.Cir.1984) (*TRAC*) and its progeny, the District Court may review an agency order which is otherwise subject to review by the Court of Appeals "in the very limited circumstance where the Board has clearly violated an express mandate of the statute and the plaintiff has no alternative means of review." This case does not fall into the *TRAC* exception, however. As Plaintiff acknowledges in its papers, the NTSB has broad power to establish "rules and regulations as may be necessary to the exercise of its function." 49 U.S.C.App. § 1901. While the agency's actions may, in the end, be improper, nothing in the enabling statute indicates that the agency's actions in promulgating the attorney exclusion regulation have "clearly violated an express mandate of the statute," as required for this Court to exercise jurisdiction under *TRAC*. Moreover, Plaintiff has not demonstrated that it has no alternative means for review if this Court does not entertain the instant challenge. In fact, the very point is that the Court of Appeals may review the instant case under 49 U.S.C.App. § 1903(d). *Cf. F.C.C. v. ITT World Communications, Inc.*, 466 U.S. 463, 104 S.Ct. 1936, 80 L.Ed.2d 480 (1984) (given the Court of Appeals' exclusive jurisdiction over final orders of the FCC, the District Court could not entertain a challenge that the agency's actions pursuant to the challenged rule were *ultra vires*).

 Moreover, the Plaintiff is not entitled to bring a Constitutional or procedural challenge in the District Court when there is an express statutory vesting of jurisdiction of review of all orders in the Court of Appeals. Contrary to the Plaintiff's claims, the Court of Appeals has not spoken clearly on this issue, as manifested in *Ticor Title Ins. Co. v. F.T.C.*, 814 F.2d 731 (D.C.Cir.1987), the very case cited by Plaintiff. If anything, the recent Supreme Court precedent suggests that the particular statutory language will resolve any inquiry on this issue. *Cf., McNary v. Haiti-*

---

4. As in this case, the Bank Holding Company Act of 1956 required that an interested party file

its challenge to the "order" or regulation within 30 days. *Id.* at 1273, n. 3.

*an Refugee Center, Inc.,* —— U.S. ——, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991).[5] As described herein, the Court finds that the plain language of the NTSB's statutory scheme indicates the Congress intended for the Court of Appeals to review "any order," including one implicating Constitutional or other procedural issues.

 Because the Court of Appeals has exclusive jurisdiction over challenges to any NTSB regulations and orders which have arisen, or which will arise, from the investigation of the accident in Brenham, Texas, the Court of Appeals also possesses primary and exclusive jurisdiction over any interlocutory challenge to such NTSB's orders and regulations. *See, e.g., TRAC,* 750 F.2d at 75. This would include a challenge to any procedural determinations made by the agency with respect to the on-going investigation of the Brenham affair. In *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985), the Supreme Court held that the Court of Appeals had exclusive jurisdiction over the Nuclear Regulatory Commission's orders denying citizen petitions requesting that the Commission commence a licensing proceeding for a particular nuclear reactor. Although the statute in that case afforded exclusive review of any formal *proceeding* regarding licenses, the Court stated that the Court of Appeals, and not the District Court, should review nonfinal procedural orders, issued outside of the context of a formal proceeding, in order to avoid needlessly bifurcating the review process. *Id.* at 742–744, 105 S.Ct. at 1606–1607. Thus,

assuming *arguendo* that the Commission's order denying a continuance of the July 29, 1992 Hearing is an "order" subject to judicial review under the APA and/or 49 U.S.C.App. § 1903(d),[6] the Court of Appeals is the appropriate entity to determine whether the agency abused its discretion in denying the Plaintiff's request for continuance.

Contrary to the Plaintiff's claim, this Court cannot issue a decision with respect to the Plaintiff's request for a continuance without encroaching upon the domain of the Court of Appeals. By ruling upon Plaintiff's request for a continuance, the Court would, in essence, be rendering a determination as to the Plaintiff's likelihood of success on the merits of the underlying claims. *See, e.g., WMATA v. Holiday Tours,* 559 F.2d 841, 843 (D.C.Cir.1977).[7] Moreover, the decision of whether or not to grant the continuance is not, as Plaintiff contends, wholly divorced from the merits of the agency's position with respect to attorney participation in the fact-finding process. In fact, the Plaintiff sought injunctive relief, in part, due to the irreparable harm arising from the alleged denial of effective assistance of legal counsel. *See Plaintiff's Memorandum in Support of Application for Temporary Restraining Order and Motion for Preliminary Injunction,* at 27, filed July 23, 1992.

Accordingly, for the reasons articulated herein, the Court shall transfer the above-captioned case to the United States Court of Appeals for the District of Columbia

5. The *McNary* case does not undermine the Court's analysis with respect to the NTSB enabling statute at issue. In *McNary,* the Court focused on the peculiar language of the Immigration Reform and Control Act of 1986, as codified at 8 U.S.C. § 1160(e). Moreover, in *McNary,* the Court allowed the District Court to entertain a general challenge to the agency's alleged unconstitutional practices because it found that "several aspects of this statutory scheme would preclude review of respondent's application denials if we were to hold that the District Court lacked jurisdiction to hear the challenge." —— U.S. at ——, 111 S.Ct. at 898. No such problem inheres in this case, as the Plaintiff can obtain full review before the Court of Appeals.

6. The Court shall not reach this issue in order to preserve the issue for the Court of Appeals' plenary review.

7. For example, if the Court were to deny Plaintiff's request, the Court would essentially find that the Plaintiff does not have a significant interest in presenting certain evidence at the Hearing, a finding with which the Court of Appeals, in its better informed judgment, could disagree. Likewise, if the Court were to grant the Plaintiff's Motion and postpone the Hearing, the Court would essentially determine that the Plaintiff has a right to present evidence which the agency, at this point, deems unnecessary. Again, the Court of Appeals could take precisely the opposite view.

**442**

Circuit pursuant to 49 U.S.C.App. § 1903(d) and 28 U.S.C. § 1631. The Court shall issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.

### ORDER

Upon consideration of the Plaintiff's Motion for Injunctive Relief, the Defendant's opposition thereto and for the reasons articulated in this Court's Memorandum Opinion of even date herewith, it is, by this Court, this 28 day of July at 9:37 a.m.,

ORDERED that, pursuant to 49 U.S.C.App. § 1903(d) and 28 U.S.C. § 1631, the above-captioned action shall be, and hereby is, TRANSFERRED to the United States Court of Appeals for the District of Columbia Circuit for lack of subject matter jurisdiction; and it is

FURTHER ORDERED that the above-captioned case shall be, and hereby is, DISMISSED from the dockets of this Court, without prejudice, until further Order from the Court of Appeals for the District of Columbia Circuit.