**Florentino LEAL, Plaintiff–Appellant,**

v.

**J.A. SZOEKE, Defendant–Appellee.**

No. 90–2375

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 19, 1990.

Florentino Leal, Rosharon, Tex., pro se.

Janet Craig, Asst. U.S. Atty., Jack Shepherd, Asst. U.S. Atty., Chief Civ. Div., Houston, Tex., for defendant-appellee.

Before GEE, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Today we determine that in this circuit, a claimant must exhaust his administrative

---

**19.** *Offshore Prod. Contractors v. Republic Under-* *writers Ins. Co.,* 910 F.2d 224 (5th Cir.1990).

remedies before the Railroad Retirement Board before appealing an adverse determination of benefits and that, in any event, such appeal must be to this court and not to a district court. In so deciding, we affirm the district court's dismissal of the instant action for want of jurisdiction.

## I.

Plaintiff Florentino Leal, a Texas state prison inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action against J.A. Szoeke, the district manager of the Railroad Retirement Board, alleging that the defendant had "deprived [him] of his benefits of which he is justly and legally entitled under the retirement and disability annuity." The defendant filed a motion to dismiss, asserting that Leal had not exhausted his administrative remedies and that the district court did not have jurisdiction. The district court dismissed the suit, concluding that it did not have jurisdiction.

## II.

Leal contends that he was entitled to more benefits than the defendant awarded him and that, consequently, his rights under the fifth and fourteenth amendments were violated. The defendant contends that the district court did not have jurisdiction over the claim because it lies exclusively in the court of appeals. The defendant relies upon 45 U.S.C. § 355(f), which provides in pertinent part as follows:

Any claimant ... aggrieved by a final decision under subsection (c) of this section, may, only after all administrative remedies within the Board will have been availed of and exhausted, obtain a review of any final decision of the Board by filing a petition for review within ninety days after the mailing of notice of such decision to the claimant, ... or within such further time as the Board may allow, in the United States court of appeals for the circuit in which the claimant ... resides....

The defendant contends that Leal did not avail himself of the board's administrative appeal process in accordance with 20 C.F.R. §§ 260.3, 260.5 and 260.9; Leal does not dispute this contention. The Seventh Circuit, in interpreting section 355(f), has held that "the claimant must go to the Board first and if he is turned down appeal the decision within the Board or if that would be futile to the court of appeals. At no time is he supposed to be in the district court." *Denberg v. United States R.R. Retirement Bd.*, 696 F.2d 1193, 1198 (7th Cir.1983), *cert. denied*, 466 U.S. 926, 104 S.Ct. 1706, 80 L.Ed.2d 180 (1984). Based upon the plain meaning of the statute, we agree. And, where Congress has provided for review jurisdiction in the court of appeals, jurisdiction there is exclusive. *Gardner v. Alabama*, 385 F.2d 804 (5th Cir.1967).

In so holding, we note that in *Linquist v. Bowen*, 813 F.2d 884, 888 & n. 13 (8th Cir.1987), the Eighth Circuit concluded that the district court had properly exercised mandamus jurisdiction over an appeal from a Railroad Retirement Board decision. *Linquist* involved dual beneficiaries under the Social Security and Railroad Retirement Acts and, accordingly, there was a perceived need for both agencies to be involved in a single case in order to resolve the issue. *Id.* at 885–88. While recognizing that the Railroad Retirement Act vested "exclusive jurisdiction in the courts of appeals over appeals from Board decisions," the Eighth Circuit found that the circumstances were "more than sufficient to reach the high level of necessity" required by mandamus jurisdiction. *Id.* at 888 n. 13. The *Linquist* decision is easily distinguishable on its facts.

Hence, the district court *a quo* was without jurisdiction both because Leal had not exhausted his administrative remedies and because any appeal must be filed in the court of appeals, not the district court. The district court's judgment of dismissal therefore is AFFIRMED.