**Kennedy JONES, Plaintiff,**

v.

**Ray LAHOOD, Secretary, U.S. Department of Transportation (Federal Aviation Administration), and the United States of America, Defendants.**

No. 4:08–CV–639–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

Oct. 27, 2009.

Jim Warren Lane, Fort Worth, TX, for Plaintiff/Petitioner.

Donna K. Webb, U.S. Attorney's Office, Fort Worth, TX, for Defendant/Respondent.

*MEMORANDUM OPINION
and ORDER*

JOHN McBRYDE, District Judge.

Now before the court are two motions filed in the above action by defendant Ray LaHood, Secretary of Department of Transportation, (Federal Aviation Administration)("LaHood"): (1) motion to dismiss for lack of subject matter jurisdiction, and (2) motion for summary judgment. Plaintiff filed nothing in response to the motion to dismiss, but filed a response to the motion for summary judgment. Having considered the motions, plaintiff's response, and applicable legal authorities, the court concludes that the motion to

dismiss should be granted, and the motion for summary judgment denied as moot.

## I.

### Background and Plaintiff's Claims

#### A. Designated Engineering Representatives

This case arises by the Federal Aviation Administration's ("FAA") denial of plaintiff's application for appointment as a Designated Engineering Representative ("DER"). Under the Federal Aviation Act ("Aviation Act"), the Administrator of the FAA "may issue airman certificates, type certificates, production certificates, airworthiness certificates, air carrier operating certificates, airport operating certificates, air agency certificates, and air navigation facility certificates," and "may delegate to a qualified private person" the authority to undertake the "examination, testing, and inspection necessary" to issue the certificates allowed under the Act. 49 U.S.C. §§ 44702(a),(d). Stated differently, the DER process enables the FAA to appoint qualified private individuals to perform examinations, tests, and inspections required to determine compliance with FAA airworthiness regulations.[1] A DER ensures that private industry clients who hire the DER are in compliance with FAA regulations for airworthiness standards. *See Steenholdt v. FAA,* 314 F.3d 633, 634–35 (D.C.Cir.2003). The FAA Administrator has delegated the authority to select DERs to Managers of local Aircraft Certification Offices ("ACOs") or their designees. 14 C.F.R. § 183.11(c)(1) (2009).

The FAA has also issued FAA Order 8100.8C, the Designee Management Handbook ("Handbook"), which establishes the "policy and procedures for the selection, appointment, orientation, training, over-sight, renewal, tracking, and termination" of DERs. Def.'s App. to Mot. to Dismiss at 16. The Handbook sets forth a detailed application process, the requirements of which must be strictly followed by an individual seeking a DER appointment. To commence the process, the interested individual must submit an application package to the ACO or his or her designee. The application then proceeds through a detailed, multi-level review, culminating in a decision that the applicant is either appointed, identified as a candidate, or denied appointment. If an applicant is denied a DER appointment, he or she may, within sixty days of the date of receipt of the FAA decision letter, make a written request to the FAA for review by an Appeal Panel. The Appeal Panel may conduct a full review of the application process, including conducting interviews, reviewing the application file, reviewing the initial justification for the initial decision, or considering any other documentation it deems necessary in making its decision. The decision of the Appeal Panel is the final step in the DER application process.

Although an applicant may be a current FAA employee when he or she initiates the DER application process, the employment relationship between the applicant and the FAA must terminate before an applicant may receive a DER appointment. The Handbook makes clear that DERs are not FAA employees.

#### B. Plaintiff's Claims

Plaintiff began his employment with the FAA in May 2001 as an aerospace engineer. In October 2007, plaintiff, while still employed by the FAA, initiated the DER application process.[2] On November 10, 2007, plaintiff resigned from his employ-

---

1. While a Designated Engineering Representative certificate is but one of several certificates or appointments authorized under the statute, it is the only one at issue in this action.

2. Although the record is silent as to the fate of plaintiff's October 2007 DER application, it is irrelevant in resolving the motion to dismiss.

ment with the FAA. On November 19, 2007, plaintiff resubmitted his application package to be considered for DER appointment, and the application proceeded through the review process. Plaintiff was notified by letter dated February 8, 2008, of the denial of his DER application and of his right to appeal within sixty days. Plaintiff timely appealed, and an Appeal Panel was assembled, comprised of individuals who were not part of the initial review of plaintiff's application. On May 8, 2008, the Appeal Panel notified plaintiff of its decision to uphold the denial of his DER application.

Plaintiff filed the instant action on October 23, 2008, alleging that defendants denied his application for a DER because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and 42 U.S.C. § 1981, and in retaliation for his previous Equal Employment Opportunity activities during his employment with defendant.

## II.

### Applicable Legal Principles

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a case is properly dismissed when the court "lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998) (citations omitted). When confronted with a challenge to its jurisdiction, the court has broad power to weigh the evidence and satisfy itself that it has jurisdiction to hear

the case. *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir.1981). When a defendant challenges the plaintiff's jurisdictional allegations, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980).[3]

## III.

### Analysis

#### A. Motion to Dismiss

■ LaHood contends that plaintiff's claims of race discrimination and retaliation under Title VII and § 1981 are essentially an impermissible collateral attack on the FAA's order denying his application for a DER appointment. The court agrees.

As discussed *supra*, the Aviation Act designates to the Administrator of the FAA the authority to issue DER certifications to qualified individuals, as determined by the FAA's established application and evaluation process. 49 U.S.C. § 44702; 14 C.F.R. § 183.11(c)(1). The decision to deny a DER application is a final order of the Administrator of the FAA, as it provides a "definitive statement of the agency's position" on the application, has a "direct and immediate effect" on the applicant's day-to-day business, and envisions "immediate compliance with its terms." *Atorie Air, Inc. v. FAA*, 942 F.2d 954, 960 (5th Cir.1991); *see also Green v. Brantley*, 981 F.2d 514, 519 (11th Cir. 1993).[4] Under the statute, a person ag-

---

**3.** As mentioned previously, LaHood also filed a motion for summary judgment, to which plaintiff filed a response. The court must first resolve the jurisdictional question before considering LaHood's attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001).

**4.** Although the authorities cited by LaHood, and those reviewed by the court in its own research, typically address revocation or non-renewal of an FAA certification, the reasoning of these cases appears to the court to be equally applicable to the situation in the instant action, where the court is faced with a denial of an application for certification. *See, e.g., Merritt v. Shuttle, Inc.*, 187 F.3d 263 (2nd

grieved by an order of the Administrator may "apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business." 49 U.S.C. § 46110(a). As the courts of appeal are granted exclusive jurisdiction to review FAA orders, this court lacks jurisdiction to review the FAA order denying plaintiff's DER application.

■ Plaintiff's complaint, however, is before the court not as a direct appeal of the FAA's order, but as claims pursuant to Title VII and § 1981. Nevertheless, a review of the complaint leads to the conclusion that plaintiff's claims are "inescapably intertwined" with a review of the procedures and merits of the FAA's order denying his DER application, and the complaint thus constitutes an impermissible collateral attack on the FAA order. *Green,* 981 F.2d at 521. A claim is "inescapably intertwined" with an FAA order if it "could and should have been" presented to, and decided by, the court of appeals. *Merritt v. Shuttle, Inc. ("Merritt II"),* 245 F.3d 182, 188 (2nd Cir.2001)(citing *City of Tacoma v. Taxpayers of Tacoma,* 357 U.S. 320, 339, 78 S.Ct. 1209, 2 L.Ed.2d 1345 (1958)). In other words, "the test for determining whether an exclusive jurisdiction provision precludes a district court from hearing a given claim is whether the administrative agency had the authority to decide th[e] issue raised by the claim." *Id.* at 188 n. 9 (internal citations omitted).

Other courts considering the issue have held a plaintiff's claims in district court were "inescapably intertwined" with an FAA order where, for example, the plain-

tiff's complaint concerned the circumstances giving rise to the FAA's order suspending his pilot's certificate and challenged the "motivations and actions" of those involved in the decision, *Merritt v. Shuttle, Inc. ("Merritt I"),* 187 F.3d 263, 271–72 (2nd Cir.1999), or where the plaintiff's challenge to the FAA's revocation of his airman's certificate would have required the court to engage in a fresh adjudication of the evidence, testimony, and credibility determinations adduced by the revocation proceedings, *Tur v. FAA,* 104 F.3d 290, 292 (9th Cir.1997). *See also Green,* 981 F.2d at 521 (merits of plaintiff's *Bivens*[5] claims "inescapably intertwined" with review of the FAA's order rescinding his Designated Pilot Examiner certificate, where consideration of plaintiff's claims would require review of merits and procedures surrounding the FAA's order of rescission).

This is the scenario now before the court. A review of the allegations in plaintiff's complaint makes clear that his claims arise from the FAA's denial of his DER application. The complaint alleges that the DER application was rejected "based on false information," was in retaliation for plaintiff's previous filing of a charge of discrimination and "engaging in EEO activities," and was the result of FAA staff "target[ing] African–Americans" to deny them DER appointments. Pl.'s Compl. at 4, 7. Plaintiff also complains of the procedures followed with regard to his appeal to the Appeal Board. As plaintiff's claims arise from the FAA's allegedly discriminatory and retaliatory denial of his DER application, and as he challenges the motives and actions of the FAA staff in denying his application, a determination by this court of plaintiff's claims would necessarily

Cir.1999); *Green v. Brantley,* 981 F.2d 514 (11th Cir.1993); *Gaunce v. deVincentis,* 708 F.2d 1290 (7th Cir.1983).

5. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

involve an adjudication of the DER application and decision-making process as applied to plaintiff[6]—a matter expressly reserved to the courts of appeal. *See, e.g., Merritt I,* 187 F.3d at 271–72; *Tur,* 104 F.3d at 292; *Green,* 981 F.2d at 521. *Cf. Zephyr Aviation, L.L.C. v. Dailey,* 247 F.3d 565, 572–73 (5th Cir.2001)(declining to "impose a judicial exhaustion requirement on *Bivens* actions against FAA officials [in their individual capacities] when the *Bivens* suit does not implicate existing FAA enforcement actions.").

Of note is the absence of any response by plaintiff to the motion to dismiss. As plaintiff "constantly bears the burden of proof" that jurisdiction exists, *Ramming,* 281 F.3d at 161, the court can only interpret plaintiff's silence on the matter as a tacit acknowledgment that it does not. Accordingly, the court concludes that plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

### B. *Motion for Summary Judgment*

In the motion for summary judgment, LaHood contends that should this court determine it has subject matter jurisdiction over plaintiff's claims, they should nevertheless be dismissed because: (1) plaintiff has failed to establish that he is an employee protected by Title VII; (2) he has failed to establish a *prima facie* case of retaliation; (3) LaHood had legitimate, non-discriminatory reasons for denying the DER application and for detaining plaintiff at the security desk; and (4) he cannot establish that LaHood's reasons are a pretext for unlawful discrimination or retalia-

tion. A review of the summary judgment motion, plaintiff's response, and the summary judgment record leads the court to conclude that the motion has merit and would likely result in a grant of summary judgment as to all of plaintiff's claims and causes of action, were the court to determine it holds jurisdiction over those claims.

### IV.

### *Order*

Therefore,

For the reasons stated herein,

The court ORDERS that the motion to dismiss for lack of subject matter jurisdiction be, and is hereby, granted, and that all claims and causes of action brought by plaintiff, Kennedy Jones, against defendants, LaHood and United States of America, be, and are hereby, dismissed with prejudice.

The court further ORDERS that the motion for summary judgment filed by LaHood be, and is hereby, denied as moot.

---

**6.** It is less clear to the court that plaintiff's claims of being detained at the security desk on a few occasions after his employment terminated are "inescapably intertwined" with the FAA order denying his DER application. Even if they are not, the court concludes that those allegations fail to rise to the level of an adverse employment action necessary to establish a *prima facie* case of retaliation, nor can plaintiff meet the other elements of a *prima facie* case of retaliation as to those claims. *See Burlington Northern & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006)(Title VII anti-retaliation provision not intended to immunize employee from "petty slights" or "minor annoyances" in the workplace).