# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 9, 2010

No. 09-10860

Lyle W. Cayce
Clerk

JACK W LIGON,

Plaintiff - Appellant

v.

RAY LAHOOD, U S Department of Transportation - Federal Aviation Administration,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before JOLLY, SMITH, and OWEN, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Jack Ligon appeals the district court's dismissal of his claim under the Age Discrimination in Employment Act (ADEA). The district court dismissed Ligon's ADEA challenge to a Federal Aviation Administration (FAA) order reducing his areas of authority as a Designated Engineering Representative (DER) because it concluded that Ligon, as a DER, was not an FAA employee within the meaning of the ADEA. Although this may be true, we conclude, more fundamentally, that the district court lacked jurisdiction to address Ligon's ADEA claim because that claim was inescapably intertwined with a challenge to the FAA order itself, and the courts of appeals, not the district courts, have exclusive jurisdiction over

No. 09-10860

such challenges. Accordingly, we reverse in part, affirm in part, and remand with instructions for the district court to dismiss Ligon's claim for lack of subject matter jurisdiction.

I.

Under the Federal Aviation Act, the FAA Administrator "may delegate to a qualified private person" the authority to undertake the "examination, testing, and inspection necessary" to issue certificates identifying aircraft as compliant with FAA regulations. 49 U.S.C. §§ 44702(d)(1), 44704. The Administrator, through local Aircraft Certification Offices (ACOs), appoints independent contractors, called DERs, to perform these tasks. 14 C.F.R. § 183.11(c)(1). DERs, though certified by the FAA, are hired by the private aircraft industry to inspect private airplanes. A DER may have several authorized areas of expertise, and may only approve or recommend approval of technical data within his delegated authority by submitting to the FAA a Statement of Compliance with the Federal Aviation Regulations (FAA Form 8110-3). Each DER is subject to oversight by the FAA, and the ACO is responsible for providing oversight of the DERs within its region. The FAA may rescind DER appointments, or choose not to renew them, at "any time for any reason the Administrator considers appropriate." 49 U.S.C. § 44702(d)(2); 14 C.F.R. § 183.15(b).

DER certificates are renewed annually. The renewal process is conducted by an Advisor employed by the FAA and appointed to the DER. The Advisor reviews the activity the DER completed during the year in each of his designated areas. This review is accomplished by submission of a report of activity by the DER in annual renewal documents, or through review of the FAA Form 8110-3s submitted by the DER during the course of the year. The Advisor is assisted in his review by the findings and recommendations of Evaluators, who have expertise in areas outside the Advisor's expertise and who review the DER's activities in those areas. *See* FAA Order 8100.8B ¶ 905 (July 14, 2003).

2

No. 09-10860

Ligon was appointed a DER in 1983 after retiring from the FAA. From 1983 until 2002, he accumulated more than 540 areas of delegated authority. Prior to 2001, Ligon's annual renewal process was simple, requiring only two to three hours each year for Ligon to complete the necessary paperwork. This began to change, however, during the annual renewal process in 2001. Ligon's Advisors, Bill Vickers during 2001-2002 and then Jim Rankin from 2003 forward, required Ligon to indicate, in a format of his choice, how many FAA Form 8110-3s were issued by him each year in his designated areas. Ligon resisted this additional work, and sought new Advisors who did not require him to report his activities.

In 2003, Ligon once again resisted his Advisor's request for a list of his activities during the year, but eventually provided a rudimentary summary. Ligon's list failed to show any activity in helicopters. During the 2004 renewal process, Ligon again failed to submit any record showing activity in helicopters. He also failed to report any activity in the areas of mechanical or electrical equipment. Ligon was notified that if he did not show activity in these areas in the next year his delegated authority in these areas would not be renewed. Ligon responded by writing letters to Fran Cox and Fred Stellar of the FAA, complaining of retaliation and harassment. After receiving no satisfactory response to his complaints, Ligon subsequently filed the first of three separate complaints with the EEOC on September 8, 2004.

During the 2005 renewal process, Ligon again failed to show activity in helicopters, mechanical equipment, or electrical equipment. Consequently, his Advisor, Jim Rankin, removed 226 of Ligon's areas of authority for "non-use." Because of continued inactivity, Ligon's areas of authority were further reduced by an additional 88 areas of authority on April 29, 2008. Ligon again contacted Fran Cox of the FAA with his concerns, and filed a third complaint with the EEOC in June 2008.

No. 09-10860

On July 28, 2008, approximately 90 days after learning of the FAA's decision to further reduce his areas of authority, Ligon filed suit in federal district court, alleging that the FAA's handling of his renewal process and failure to renew his areas of authority were discriminatory and violated his Fifth Amendment due process rights. He sought reinstatement of his areas of delegated authority, damages pursuant to the ADEA, and injunctive relief pursuant to the ADEA and the Fifth Amendment. After a telephonic hearing on July 24, 2009, the district court dismissed the Fifth Amendment claim based on Ligon's counsel's acknowledgment that it lacked merit. The court granted the Government's motion for summary judgment on the ADEA claim, holding that Ligon had failed to adduce evidence that he was at any time an employee of the FAA. Having decided the case on this basis, the district court concluded that it need not make any decision as to the other issues raised in the FAA's motion for summary judgment and motion to dismiss, including the FAA's assertion that the court lacked subject matter jurisdiction.

Ligon filed a motion to amend judgment, seeking a transfer of his suit to the Fifth Circuit Court of Appeals pursuant to 49 U.S.C. § 46110(a) and Federal Rule of Civil Procedure 59(e). The district court denied this motion. Ligon filed a timely notice of appeal. This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

II.

Before reaching the merits of Ligon's ADEA claim, we must consider whether we have jurisdiction to consider it. If the district court lacked subject matter jurisdiction over the ADEA claim, we have jurisdiction "merely for the purpose of correcting the error of the lower court in entertaining the suit." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). Neither party now challenges the district court's jurisdiction over Ligon's ADEA claim, but "subject matter delineations must be policed by the courts on their own

initiative." *Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  We review questions of subject matter jurisdiction *de novo.  Paulsson Geophysical Svcs., Inc. v. Sigmar*, 529 F.3d 303, 306 (5th Cir. 2008).

Section 46110(a) of the Federal Aviation Act (the Act) vests the courts of appeals with jurisdiction over challenges to FAA orders:

> a person disclosing a substantial interest in an order issued by ... the Administrator of the Federal Aviation Administration with respect to aviation duties and powers designated to be carried out by the Administrator ... may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.

49 U.S.C. § 46110(a).[1]  For the purposes of the Act, the term "order" "has been given expansive construction," but to be reviewable the order must be final, and there must be an adequate record for judicial review.  *Atorie Air, Inc. v. Federal Aviation Admin.*, 942 F.2d 954, 960 (5th Cir. 1991).  To be sufficiently final, the order "need only be an agency decision which imposes an obligation, denies a right, or fixes some legal relationship." *Id.* at 960 (internal quotation omitted).

The FAA asserts, and Ligon does not contest, that the FAA's notification of its nonrenewal of his designations is an appealable final order pursuant to the statute.  We agree that it is.  The letters to Ligon terminating certain delegations of authority clearly deny a right and fix a legal relationship between Ligon and the FAA by terminating his ability to examine, test, and inspect in those areas of authority.  The record of the decision not to renew Ligon's delegations of authority consists of all of the information reviewed by the FAA before the non-renewal decisions, including Ligon's Evaluators' recommendations and performance evaluations, the summary of activity

---

[1] This jurisdictional grant was previously codified at 49 U.S.C. § 1486(a) (1992).

submitted by Ligon, and the letters to Ligon informing him of the nonrenewal of certain delegations. *See Green v. Brantley*, 981 F.2d 514, 519 (11th Cir.1993)(holding that an FAA order revoking a certificate of authority was a final order under the Act); *Gaunce v. deVincentis*, 708 F.2d 1290, 1292–93 (7th Cir. 1983)(holding that an FAA order revoking the plaintiff's airman certificate could not be collaterally attacked in federal district court).

It is well settled that the review of any order of the FAA Administrator must be taken in a court of appeals. *See, e.g., Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 571 (5th Cir. 2001) ("The United States Courts of Appeal . . . have 'exclusive jurisdiction to affirm, amend, modify or set aside' orders of the NTSB or the FAA.")(quoting 49 U.S.C. § 46110(c)); *Merritt v. Shuttle, Inc. (Merritt II)*, 245 F.3d 182, 192 (2d Cir. 2001)("Statutes such as Section 46110 . . . preclude district courts from deciding issues that 'could and should have been' raised in an administrative proceeding or at least in a court of appeals, not merely those that were actually considered and necessarily decided in the administrative proceeding.")(quoting *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 339 (1958))). Specific grants of jurisdiction to the courts of appeals override general grants of jurisdiction to the district courts. *Leal v. Szoeke*, 917 F.2d 206, 207 (5th Cir. 1990) ("[W]here Congress has provided for review jurisdiction in the court of appeals, jurisdiction there is exclusive."); *accord Carpenter v. Dep't of Transp.*, 13 F.3d 313, 316 (9th Cir. 1994); *Oling v. Air Line Pilots Ass'n*, 346 F.2d 270, 276 (7th Cir. 1965) ("[W]here Congress has provided a statutory procedure for the review of an administrative order, such procedure is exclusive."), *cert. denied*, 382 U.S. 926 (1965).

Moreover, district courts lack jurisdiction not only over direct challenges to FAA orders, but also over damages claims that are "inescapably intertwined with a review of the procedures and merits surrounding an FAA order." *Zephyr Aviation,* 247 F.3d at 572 (internal quotations and alterations omitted); *see also,*

*e.g., Green v. Brantley*, 981 F.2d at 521. That is, a plaintiff may not circumvent the exclusive jurisdiction of the court of appeals by collaterally attacking an administrative order in a federal district court. *Id.* In *Zephyr Aviation*, we recognized that "parties may not avoid administrative review simply by fashioning their attack on an FAA decision as a constitutional tort claim against individual FAA officers." 247 F.3d at 572. We ultimately concluded, however, that the district court did have subject matter jurisdiction in that case because the plaintiff's claims "d[id] not relate to an FAA order currently pending against it"; the only order against Zephyr had been retracted, and the plaintiff's challenge was to alleged extra-procedural actions by FAA inspectors. *Id.* at 572–73. We distinguished the holdings of other circuits, which concluded that *Bivens* challenges to FAA officials' actions surrounding the issuance of an order were precluded by § 46110, by noting that Zephyr Aviation's claim did not "implicate an FAA order that [was] currently in place" and therefore "could not function as a collateral attack on an FAA order or action." *Id.* at 572.

We later applied *Zephyr Aviation* in an unpublished decision, *Dresser v. Ingolia*, 307 F. App'x 834 (5th Cir. 2009), to conclude that the district court lacked jurisdiction over a challenge to an administrative order. In that case, mariners whose licenses had been revoked by administrative law judges of the Coast Guard alleged improprieties in their adjudications and sought money damages pursuant to *Bivens*. *Id.* at 835–36. We held that "the district court lacked subject matter jurisdiction over the plaintiffs' *Bivens* claims because such claims were inescapably intertwined with a review of the procedure and merits surrounding their respective [adjudications]." *Id.* at 843. The allegations of improprieties "necessitate[d] a review of the ALJs' decision making and the merits of each plaintiffs' arguments regarding whether his license should have been revoked" and, therefore, "exercising jurisdiction over such claims

circumvents administrative review through suit in federal court." *Id.* (internal quotation omitted).

Other circuits addressing a district court's jurisdiction over a *Bivens* challenge to an order administered under the Act have reached the same conclusion. *See, e.g., Gaunce v. deVincentis*, 708 F.2d at 1293 ("The statutorily prescribed requirements cannot be dispensed with merely because the administrative proceeding dealt with an agency's proof of specified regulatory violations, while appellant is raising a due process constitutional claim in the judicial proceeding."); *Tur v. Federal Aviation Administration*, 104 F.3d 290, 292 (9th Cir. 1997) ("Tur's suit presents a collateral challenge to the merits of his previous [administrative] adjudication. Section 46110 does not permit such suits."). In *Green*, for example, the Eleventh Circuit addressed the plaintiff's allegations under *Bivens* that FAA officials had revoked his pilot examiner certificate based on allegedly false accusations. *Id.* The court concluded that the district court lacked jurisdiction over the claim because the FAA's termination of Green's certificate was an appealable order that conferred exclusive jurisdiction on a federal court of appeals. *Id.* at 519–21. The court reasoned that "[t]he merits of Green's Bivens claims [were] inescapably intertwined with a review of the procedures and merits surrounding the FAA's order." *Id.* at 521.

Similarly, in *Merritt v. Shuttle (Merritt I)*, 187 F.3d 263, 266, 271 (2d Cir. 1999), the Second Circuit held that a district court lacked subject matter jurisdiction over a pilot's *Bivens* claim because the statutory scheme provided for exclusive review directly in the court of appeals. The pilot in *Merritt I* alleged that FAA officials had "failed to conduct a meaningful investigation and instead conspired to conceal their own negligence" by blaming the plaintiff for flying in bad weather. *Id.* at 266. The court reasoned that the pilot's Fifth Amendment due process claim was "'inescapably intertwined' with review of the revocation order" and that, despite plaintiff styling his *Bivens* claim in constitutional terms,

he was ultimately disputing "the ALJ's factual conclusion that he bore responsibility for an ill-considered decision to take off." *Id.* at 271. The *Merritt I* court held that the necessity of this analysis deprived the district court of jurisdiction, because Merritt's claim would "result in new [district court] adjudication over the evidence and testimony adduced in the prior revocation hearing, the credibility determinations made by the ALJ, and, ultimately, the findings made by the ALJ" during the course of the proceedings. *Id.* (footnotes, internal quotation marks, and alterations omitted).

On the other hand, some courts have addressed challenges to FAA action that they held not to be "inescapably intertwined" with an administrative order. In *Mace v. Skinner*, 34 F.3d 854, 859 (9th Cir. 1994), for instance, the Ninth Circuit held that the district court did have jurisdiction over the plaintiff's claims because they were "not based on the merits of his individual situation, but constitute[d] a broad challenge to allegedly unconstitutional FAA practices." *See also Foster v. Skinner*, 70 F.3d 1084, 1088 (9th Cir. 1995) (holding that although courts of appeals have exclusive jurisdiction over claims that are "inescapably intertwined" with a challenge to a particular final order, "a district court has subject matter jurisdiction over broad constitutional challenges to FAA practices."). In *Merritt II*, after having disposed of the plaintiff's *Bivens* claim in *Merritt I* as described above, the Second Circuit held that Merritt's claim of negligence under the Federal Tort Claims Act (FTCA) was *not* precluded by § 46110. 245 F.3d at 191. Merritt's FTCA claim alleged that FAA employees had negligently provided him with inaccurate weather information, causing him to take off in a storm, which was the reason his pilot's certificate was revoked. The court distinguished Merritt's complaints about the behavior of the FAA employees prior to takeoff, which were not precluded by § 46110, from his complaints under *Bivens* about the behavior of FAA employees in issuing an order suspending his pilot's certificate, holding that only complaints resulting

No. 09-10860

from the *order itself* could be precluded by § 46110. *Id.* at 189–90. *See also Beins v. United States*, 695 F.2d 591, 598 & n.11 (D.C. Cir. 1982) (holding that the precursor to § 46110 did not preclude a district court's jurisdiction over a pilot's negligence claim against the FAA because review in the court of appeals would be "distinct conceptually" from review for negligence).

We conclude that Ligon's ADEA claim is inescapably intertwined with a challenge to the procedure and merits of the FAA's decision not to renew his designations of authority.[2] Like the challenges in *Green*, *Merritt I*, and *Dresser*, Ligon's challenge requires a review and balancing of the same evidence used by the FAA in deciding not to renew his areas of authority, and is essentially a challenge to the merits and procedure of a particular order that is currently pending against Ligon.[3] Further, the relief Ligon seeks—reinstatement of his areas of authority—cannot be granted by a district court reviewing an ADEA claim. *See* § 46110(c) (granting the courts of appeals "exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order."). Ligon's claim therefore "could and should have been" raised initially with a court of appeals

---

[2] Ligon's complaint makes several factual allegations that do not directly relate to the nonrenewal of his delegations of authority, including the removal of his name from the FAA's online directory of DERs and occasions on which he was required to perform extra work. To the extent that these allegations constitute claims of discriminatory adverse employment actions under the ADEA, they were not precluded by § 46110 because they could not have been raised in a challenge to a particular order. The district court accordingly had subject matter jurisdiction over any such claims. However, the district court correctly granted summary judgment on such claims because Ligon failed to adduce sufficient evidence that he was an employee of the FAA according to the factors articulated in *Arbaugh v. Y & H Corp.*, 380 F.3d 219, 226 (5th Cir. 2004), *rev'd on other grounds*, 546 U.S. 500, 504 (2006), and *Spirides v. Reinhardt*, 613 F.2d 826, 831 (D.C Cir. 1979). We therefore affirm the district court's grant of summary judgment to the extent it applies to allegations under the ADEA not related to the FAA's order.

[3] Because the ADEA does not authorize a mixed-motive age discrimination claim, *Gross v. GBL Fin. Svcs., Inc.*, 129 S.Ct. 2243, 2350 (2009), Ligon's ADEA claim would fail once it was determined that the FAA order reducing his areas of authority was warranted. That is, his ADEA challenge does not raise any issues that could not be addressed by a court of appeals in reviewing the merits and procedure of the order itself.

10

No. 09-10860

according to § 46110. *See Merritt*, 245 F.3d at 192 (quoting *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 339 (1958)).[4] Accordingly, we conclude that § 46110 precluded the district court from exercising subject matter jurisdiction over Ligon's claims relating to the FAA's nonrenewal of his areas of authority.[5]

## III.

For the foregoing reasons, we REVERSE the district court's grant of summary judgment with regard to Ligon's claim that the nonrenewal of his areas of authority violated the ADEA, REMAND with instructions to enter

---

[4] Ligon and the FAA argue that this case is distinguishable from the cases concluding that *Bivens* claims were precluded by § 46110, because Ligon brought his challenge to the FAA order under the ADEA. No circuit courts have addressed whether an ADEA claim could constitute a collateral attack on an FAA order. *But see Cook v. Pan American World Airways, Inc.*, 771 F.2d 635, 643 (2d Cir. 1985) (abrogated on other grounds) (holding that a district court did have jurisdiction over an ADEA challenge to an integrated seniority list formulated in an airline merger and approved by the Civil Aeronautics Board, even though CAB orders are appealable only to the courts of appeals, where the CAB could not have addressed the age discrimination claim). One district court has concluded that an ADEA claim was not inescapably intertwined with a challenge to an FAA order, but in that case the challenge was to personnel actions separate from the FAA order. *Breen v. Peters*, 474 F. Supp. 2d 1, 6 (D.D.C. 2007). The FAA argues that the *Bivens* cases are distinguishable because of the Supreme Court's hesitation to expand the judicially created *Bivens* remedy into new contexts. *See Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988). But expansion of the *Bivens* remedy is irrelevant here, where the question is circumvention of the exclusive jurisdiction set forth by Congress. *See Zephyr Aviation*, 247 F.3d at 572. Instead, what matters is whether the challenge is inescapably intertwined with a challenge to the order, and would therefore undermine Congress's intention that FAA orders be reviewed in a certain way. *Accord Carpenter*, 13 F.3d at 316 (holding that exclusive jurisdiction in the courts of appeals under the Hobbs Act overrides the Rehabilitation Act's provision of jurisdiction in the district court).

[5] Ligon asserts that the district court erred in failing to transfer his case to this court pursuant to 28 U.S.C. § 1631 and 49 U.S.C. § 46110, and alternatively requests that we exercise jurisdiction over the case on those grounds. Section 1631 provides that if a court finds that it lacks jurisdiction over an action or appeal, it shall, in the interests of justice, transfer it "to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Even if his ADEA claim could be construed as a challenge under the Federal Aviation Act, § 46110 requires a petition for review of an FAA order to be filed within 60 days of the order, and Ligon's claim in the district court was filed 90 days after the FAA's most recent order. He has provided no reasonable grounds for his failure to file by the 60th day, so § 1631 cannot save him from the procedural requirements of § 46110.

11

No. 09-10860

judgment that, consistent with this opinion, dismisses such claim for lack of subject matter jurisdiction, and AFFIRM the grant of summary judgment with regard to any remaining ADEA claims.

REVERSED and REMANDED in part, and AFFIRMED in part.