**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 3, 2010

Lyle W. Cayce
Clerk

No. 09-11239

KENNEDY JONES,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA; RAY LaHOOD, Secretary, Department of Transportation,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division

Before DeMOSS, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:

At issue is whether, under 49 U.S.C. § 46110(a), the district court had subject-matter jurisdiction over Jones's retaliation claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981. Because, under this court's precedent, his claims are inescapably intertwined with a challenge to the procedure and merits of a Federal Aviation Administrative (FAA) order, we hold that the district court lacked subject-matter jurisdiction. Accordingly, we AFFIRM the court's dismissal of Jones's claims.

Jones, a former employee of the FAA, applied to the FAA to be a Designated Engineering Representative (DER)—a "qualified private person" who

No. 09-11239

inspects and certifies aircraft for compliance with FAA regulations. 49 U.S.C. §§ 44702(d)(1), 44704; 14 C.F.R. §§ 183.11(c)(1), 183.15(b). The FAA denied the application, finding that Jones lacked the required integrity and sound judgment. Under § 46110(a), Jones could have appealed this decision, but only to the United States Court of Appeals for the District of Columbia Circuit or the Fifth Circuit. *See* 49 U.S.C. § 46110(a). He did not. Instead, he sued Defendants in the district court, alleging that the denial was retaliation for his Equal Employment Opportunity activity while employed at the FAA. At Defendants' request, the district court dismissed all claims with prejudice for lack of subject-matter jurisdiction. Specifically, the court concluded that "plaintiff's claims are inescapably intertwined with a review of the procedures and merits of the FAA's order denying his DER application, and the complaint thus constitutes an impermissible collateral attack on the FAA order." *Jones v. LaHood*, 667 F. Supp 2d 714, 717 (N.D. Tex. 2009) (citation and internal quotation marks omitted). Jones timely appealed. On appeal, Defendants have changed their position on jurisdiction, but ask us to affirm on alternative grounds.

This court reviews questions of subject-matter jurisdiction *de novo*. *Ligon v. LaHood*, 614 F.3d 150, 154 (5th Cir. 2010). Although the parties now agree that the district court had jurisdiction over Jones's claims, this court must determine subject-matter jurisdiction for itself. *Id.* at 153. The Supreme Court recently reemphasized that, "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Haywood v. Drown*, 129 S.Ct. 2108, 2126 (2009) (citation omitted).

Section 46110(a) of the Federal Aviation Act vests the exclusive jurisdiction over challenges to FAA orders in certain United States Courts of Appeals:

2

No. 09-11239

> a person disclosing a substantial interest in an order issued by the Secretary of Transportation . . . may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.

49 U.S.C. § 46110(a). In *Ligon*, we addressed an indistinguishable situation and found that there was no subject-matter jurisdiction under § 46110(a). 614 F.3d at 152. There, the FAA had denied the plaintiff's request to renew his appointment as a DER in certain areas. *See id.* at 153. The plaintiff sued in district court, alleging that the denial was a result of age discrimination in violation of the Age Discrimination in Employment Act. *See id.* This court held that the district court lacked jurisdiction because resolving Ligon's discrimination claim would require a "review and balancing of the same evidence used by the FAA in deciding not to renew his areas of authority . . . ." *See id.* at 157. Thus, the court concluded that the claim was "inescapably intertwined" with a challenge to the procedure and merits of the FAA's denial. *Id.* In addition, the court noted that a district court cannot grant the relief that the plaintiff sought—renewal of his DER authority—because only the two appropriate circuit courts have the jurisdiction to modify or set aside the orders of the FAA. *See id.*

*Ligon* forecloses the parties' contention that the district court had jurisdiction.[1] Here, it is undisputed that the FAA's denial of Jones's DER application constitutes a "final order" of the Administrator of the FAA. *See Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 960 (5th Cir. 1991). Next, our review of the complaint and the briefs confirms that Jones's Title VII and

---

[1] In their letter to this court pursuant to Federal Rule of Appellate Procedure 28(j), Defendants concede that *Ligon* "suggests that the district court lacked jurisdiction over the Title VII claim in this case."

No. 09-11239

§ 1981 claims are inescapably intertwined with a challenge to the procedure and merits of that final order. The complaint alleges a number of procedural improprieties with the FAA's handling of his DER application. Jones also challenges the merits of the denial by alleging that it was based on false information. In addition, evaluating whether the FAA had a legitimate reason for denying Jones's application and whether the reason was a pretext for retaliation necessarily requires a review and balancing of the same evidence that the FAA had weighed.

Finally, the complaint seeks to set aside the FAA's denial of Jones's DER application by requesting the court to "[d]irect[] Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him . . . ." As the complaint and briefs make clear, Jones alleges that the position that "he would have occupied but for" the discriminatory treatment and retaliation is that of a DER. In sum, under *Ligon*, Jones's Title VII and § 1981 claims are collateral attacks on a FAA order. This panel is bound by our previous decision in *Ligon*. Hence, the district court correctly determined that § 46110(a) precludes subject-matter jurisdiction over those claims.

AFFIRMED.

4