# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2010

No. 10-30301

Lyle W. Cayce
Clerk

CHRISTOPHER J. DRESSER,

Plaintiff,

v.

MEBA MEDICAL & BENEFITS PLAN,

Defendant.

CHRISTOPHER J. DRESSER,

Plaintiff–Appellant,

v.

UNITED STATES COAST GUARD,

Defendant–Appellee.

CHRISTOPHER J. DRESSER,

Plaintiff–Appellant,

v.

JOSEPH N. INGOLIA; KENNETH V. WILSON; ALYSSA L. PALADINO,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana

Before HIGGINBOTHAM, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:

## I

Christopher J. Dresser was a licensed marine engineer. The United States Coast Guard initiated a Suspension and Revocation (S&R) action against Dresser's license after the Coast Guard was notified that Dresser had tested positive for tetrahyrdocannabinol (THC), a metabolite detected in the urine of those who have ingested marijuana. Dresser maintains that he tested positive as a result of his ingestion of hemp seed oil as a dietary supplement, not from the use of marijuana.

Following hearings in the S&R proceeding, Administrative Law Judge (ALJ) Boggs issued a Decision and Order finding that Dresser had used a dangerous drug, marijuana. The Decision also revoked Dresser's license. Dresser appealed the Decision to the Commandant of the Coast Guard, who affirmed. Dresser then appealed to the National Transportation Safety Board (NTSB), pursuant to that agency's authority to review Coast Guard S&R decisions.[1] The NTSB remanded the case for a new hearing because of the appearance of impropriety on ALJ Boggs's part,[2] the nature of which is not at issue in this appeal.

Chief ALJ Ignolia assigned the remanded case to ALJ Brudzinski, who discussed the case with his docketing clerks, Wilson and Paladino, who are defendant–appellees in the present action. ALJ Brudzinski heard Dresser's case

---

[1] *See* 49 U.S.C. § 1133(3) ("The National Transportation Safety Board shall review on appeal . . . a decision of the head of the department in which the Coast Guard is operating [the Department of Homeland Security] on an appeal from the decision of an administrative law judge denying, revoking, or suspending a license, certificate, or register in a proceeding under . . . chapter 77 . . . of title 46.").

[2] *Commandant v. Dresser*, NTSB Order No. EM-195, 2003 WL 21360877, at *2 (June 9, 2003).

on remand and ruled in favor of the Coast Guard, again issuing a Decision revoking Dresser's license. Dresser then appealed the second Decision to the Coast Guard Commandant and simultaneously brought suit in the district court.

In that first suit, *Dresser I*, Dresser contended that ALJ Brudzinski's Decision revoking his license was "unconstitutional."[3] The district court in *Dresser I* concluded that it lacked jurisdiction over Dresser's request for judicial review of ALJ Brudzinski's Decision because the pending appeal before the Commandant meant the Decision was not a "final agency action" as required by the Administrative Procedure Act (APA).[4] In addition, the district court held that Dresser's *Bivens*[5] claims were preempted by the administrative review framework.[6] In an unpublished decision, this court affirmed the dismissal of Dresser's claims arising under the APA because the pending appeal to the Commandant meant that the ALJ's decision was not final.[7] This court also held that the district court did not have jurisdiction over Dresser's *Bivens* claims "because such claims were inescapably intertwined with a review of the procedure and merits surrounding" the Decision.[8]

After the district court's *Dresser I* order and before this court's decision in that case, the Coast Guard Commandant issued a ruling affirming ALJ

---

[3] *Dresser v. Ingolia* (*Dresser I*), No. 07-1497 c/w 07-1536 & 07-2896, 2007 WL 3353305, at *2 (E.D. La. Nov. 8, 2007) (unpublished).

[4] *Id.* at *4.

[5] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[6] *Dresser I*, 2007 WL 3353305, at *8.

[7] *Dresser I*, 307 F. App'x. 834, 840 (5th Cir. 2009) (unpublished) (per curiam).

[8] *Id.* at 843.

Brudzinski's Decision.[9]  Dresser then filed new complaints in the district court, which contained the same allegations of unconstitutional action on the parts of defendant–appellants Ingolia, Wilson, Paladino, and the Coast Guard (together, Coast Guard).  Dresser also filed a complaint against his union health and welfare benefit plan, MEBA Medical & Benefits Plan, because the plan refused to pay his fees and costs associated with the litigation in federal court.  The district court consolidated these cases.  Dresser and MEBA Medical & Benefits Plan reached a settlement before that consolidation, and that suit was dismissed.

The district court again dismissed Dresser's complaint for lack of subject matter jurisdiction.  The court agreed with the Coast Guard's contention that, to obtain judicial review, Dresser should have appealed the Commandant's decision to the NTSB and then to a federal circuit court.  The district court concluded that Dresser's APA claims were an attempt to circumvent the channeled path for judicial review.  The district court dismissed Dresser's *Bivens* claims as inescapably intertwined with his APA claims.

Dresser argues on appeal that the district court erred in dismissing his APA claims for lack of subject matter jurisdiction and his *Bivens* claims as inescapably intertwined with his claims regarding the revocation of his license. We review de novo the district court's dismissal for lack of subject matter jurisdiction.[10]  A district court's interpretation of a statute or regulation is a question of law that we review de novo.[11]

---

[9]  *Id.* at 839.

[10]  *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 170 (5th Cir. 2009).

[11]  *See Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002).

## II

Dresser contends that the Commandant's decision to affirm the ALJ's Decision revoking his license was a final agency decision, reviewable under the APA.[12]  Dresser argues that there is no statutorily specified means of obtaining judicial review of the Coast Guard's final decision; therefore, the APA's general provision that "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review" applies, giving the federal district court jurisdiction over his claims.[13]  The Coast Guard contends that statutes and regulations pertaining to the Coast Guard and NTSB  provide for an exclusive path of review, which may not be replaced by district court review of the Commandant's decision.

For the reasons that follow, we conclude that the Coast Guard and NTSB statutory and regulatory scheme provide for judicial review, but only in a court of appeals, and only after an appeal to the NTSB.  Dresser's argument does not take into account all of the language of APA § 10(c) and ignores the statutory provision for judicial review that precludes the APA's default rule of review in a federal district court.  We therefore affirm the district court's dismissal of Dresser's complaint.

---

[12] *See* Administrative Procedure Act (APA) § 10(a), 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."); *id.* § 10(c), 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. . . . Except as otherwise expressly required by statute, agency action otherwise final is final for purposes of this section . . . , unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.").

[13] *See id.* § 10(c).

**A**

To determine whether the APA's default rule of review is applicable, we look to the agency-specific statutes and rules.[14] The Coast Guard, under the authority of the Secretary of the Department of Homeland Security (Department),[15] has authority to conduct S&R proceedings for mariner licenses.[16] S&R proceedings are formal adjudicative proceedings governed by the APA and conducted by an ALJ.[17] Unless the ALJ's decision is appealed, the "ALJ's decision becomes final action of the Coast Guard 30 days after the date of its issuance."[18] An individual may appeal the suspension or revocation of his license to the Secretary of the Department within thirty days of the suspension or revocation.[19] The regulations implementing this statute provide that "[a]ny party may appeal the ALJ's decision by filing a notice of appeal . . . 30 days or less after issuance of the decision."[20] The Coast Guard Commandant reviews the ALJ's decision "to determine whether the ALJ committed error in the proceedings, and whether the Commandant should affirm, modify, or reverse the

---

[14] *See Darby v. Cisneros*, 509 U.S. 137, 146 (1993) (looking to statutes and agency rules to determine whether APA § 10(c) was applicable after the party had exhausted all administrative remedies expressly required).

[15] *See* 6 U.S.C. § 468(b) (transferring the Coast Guard to the Department of Homeland Security).

[16] 46 U.S.C. § 7701(b), (d).

[17] *Id.* § 7702(a) (citing 5 U.S.C. §§ 551-559); *see* 33 C.F.R. § 20.101(c) (2009) ("Except as otherwise noted, the rules of practice, procedure, and evidence in this part apply to . . . [s]uspensions and revocations conducted under 46 U.S.C. Chapter 77."); 46 C.F.R. § 5.19(b) (2009) (delegating, from the Commandant to the ALJs, the authority to suspend or revoke a mariner's license).

[18] 33 C.F.R. § 20.1101(b)(1) (2009).

[19] 46 U.S.C. § 7702(b).

[20] 33 C.F.R. § 20.1001(a) (2009).

ALJ's decision or should remand the case for further proceedings."[21]   The Commandant's decision in such an appeal "constitutes final action of the Coast Guard on the date of its issuance."[22]

The NTSB statutes and regulations provide for review of the Coast Guard's decision.  Section 1133(3) of Title 49 requires that the NTSB "shall review on appeal . . . a decision of the head of the department in which the Coast Guard is operating on an appeal from" an S&R decision.  The implementing regulations "govern all proceedings before the [NTSB] on appeals taken from decisions . . . of the Commandant [of the] U.S. Coast Guard[] sustaining orders of an administrative law judge[] revoking, suspending, or denying a license."[23] The regulations further provide that a party appealing the Commandant's decision must file a "notice of appeal with the [NTSB] within 10 days after service of the Commandant's decision upon the party or his designated attorney."[24]   That period may be extended "for good cause shown."[25]   The appellant's brief is then due to the NTSB within 20 days after the filing of the notice of appeal.[26]   The final level of review provided in this statutory and regulatory scheme is by the "appropriate court of appeals of the United States," which "may review a final order" of the NTSB made under 49 U.S.C. Chapter 11.[27]

---

[21] *Id.* § 20.1004(a).

[22] *Id.* § 20.1101(b)(2).

[23] 49 C.F.R. § 825.1 (2009).

[24] *Id.* § 825.5(a).

[25] *Id.*

[26] *Id.* § 825.20(a).

[27] 49 U.S.C. § 1153(a).

**B**

Dresser argues that his appeal of the Commandant's decision to the NTSB is optional. Accordingly, he contends that the Supreme Court's decision in *Darby v. Cisneros* prevents the district court from requiring him to pursue that appeal. He reasons that the district court should have exercised jurisdiction over his complaint under the default review provision of the APA. In *Darby*, the Court held that APA § 10(c) explicitly requires exhaustion of all intra-agency appeals mandated either by statute or agency rule.[28] It would therefore be inconsistent, the Court concluded, for courts to require litigants to exhaust optional appeals as well.[29] The Court's holding in *Darby* does not support Dresser's position.

First, the Coast Guard–NTSB–court of appeals path of review is not analogous to the statutory and regulatory scheme at issue in *Darby*. In *Darby*, the Court reviewed the administrative appeals process for decisions by ALJs for the Department of Housing and Urban Development (HUD).[30] The HUD regulations provided for review of an ALJ decision, but only at the discretion of the HUD Secretary: "The hearing officer's determination shall be final unless . . . the Secretary . . . , within 30 days of receipt of a request decides as a matter of discretion to review the finding of the hearing officer."[31]

Here, by contrast, the applicable statute requires that the NTSB "*shall* review" an appealed S&R decision from the Coast Guard Commandant.[32] The explicitly discretionary nature of the HUD review scheme thus differentiates it from the mandatory review by the NTSB when a mariner seeks an appeal from

---

[28] *Darby v. Cisneros*, 509 U.S. 137, 147 (1993).

[29] *Id.*

[30] *Id.* at 144.

[31] *Id.* at 141 (quoting 24 C.F.R. § 24.314(c) (1992)).

[32] 49 U.S.C. § 1133(3) (emphasis added).

the Commandant's decision.  Therefore, requiring Dresser to seek NTSB review before he obtains statutorily provided judicial review in a circuit court does not contradict the Supreme Court's conclusion that imposing additional, optional exhaustion requirements on litigants would be contrary to the plain language of the APA.[33]

Second, *Darby* must be read in light of an earlier decision, *Bowen v. Massachusetts*, in which the Supreme Court addressed the issue of whether, in the absence of a specific statutory provision for judicial review of actions by the Secretary of Health and Human Services, the APA would provide for judicial review in federal district court.[34]  The Court reasoned that APA § 10(c) was primarily enacted to codify the exhaustion requirement, but that it "also makes it clear that Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."[35]  In other words, a statutory and regulatory scheme that specifically provides for judicial review is not superceded by the default rule in APA § 10(c).[36]

Notwithstanding Dresser's argument that *Darby* alone controls the question in this case, *Darby* did not overrule *Bowen*—in fact, the *Darby* Court specifically acknowledged the continued force of *Bowen*[37]—and therefore must be read in light of the holding of the earlier case.  Reading *Darby* and *Bowen* together clarifies that the actual issue in this case is not merely, as Dresser argues, whether the Coast Guard Commandant's decision constitutes final

---

[33] *See Darby*, 509 U.S. at 147.

[34] 487 U.S. 879, 882, 902-03 (1988).

[35] *Id.* at 903.

[36] *See Darby*, 509 U.S. at 146 (citing *Bowen*, 487 U.S. at 903); *see also Ligon v. LaHood*, 614 F.3d 150, 154 (5th Cir. 2010) ("Specific grants of jurisdiction to the courts of appeals override general grants of jurisdiction to the district courts.").

[37] *Darby*, 509 U.S. at 146.

agency action, but rather whether the Coast Guard and NTSB statutes and regulations provide for an adequate remedy in a court for review of final agency action.

Dresser also relies on an earlier decision of the Supreme Court, *Weinberger v. Salfi*, to contend that the district court had jurisdiction to hear his appeal. Dresser correctly states that the Court in that case set a high bar for a statute to divest jurisdiction to review agency action from a federal district court.[38] But Dresser's reliance on *Weinberger* is misplaced: The question in the case at hand is not one of jurisdictional divestment, but rather whether a statutory and regulatory scheme provides for adequate judicial review. Thus, *Weinberger* does not control.

Review by a court of appeals is "an adequate remedy" within the meaning of the APA, and therefore the APA § 10(c)'s default rule of review in a federal district court is inapplicable. Other courts have held similarly.[39] We are sympathetic to the position in which Mr. Dresser finds himself. But we also recognize that several of his own decisions extended his wait for judicial review, and that he received meaningful relief from the NTSB itself in an earlier iteration of the process.

---

[38] *See Weinberger v. Salfi*, 422 U.S. 749, 757 (1975) (recognizing that a statute's "sweeping and direct" language barred district court federal-question jurisdiction); *see also Dawson Farms L.L.C. v. Farm Service Agency*, 504 F.3d 592, 602-03 (5th Cir. 2007) (applying *Weinberger* to find that a statute did not contain sufficiently sweeping and direct language to be a jurisdictional bar).

[39] *See, e.g.*, *Hocking v. United States*, No. 10-11007-JLT, 2010 WL 2925903, at *1 (D. Mass. July 21, 2010); *Kinneary v. City of New York*, 358 F. Supp. 2d 356, 360-61 (S.D.N.Y. 2005); *Bruch v. U.S. Coast Guard*, 736 F. Supp. 634, 635 (E.D. Pa. 1990); *Blackwell v. United States*, 586 F. Supp. 947, 948 (S.D. Fla. 1984). *But see McDonald v. United States*, No. Civ. H-04-1845, 2005 WL 1571215, at *4 (S.D. Tex. June 30, 2005).

## III

We also agree with the district court's refusal to exercise jurisdiction over Dresser's *Bivens* claims. In this court's unpublished *Dresser I* decision, we held that Dresser's *Bivens* claims were "inescapably intertwined with a review of the procedure and merits surrounding" the ALJ's Decision.[40] The same holds true in this case, even though Dresser filed the complaint at issue in this appeal after the Commandant had issued his decision. This court recently cited *Dresser I* with approval, in *Ligon v. LaHood*, to support a holding that a plaintiff's ADEA claims were inescapably intertwined with a pending Federal Aviation Administration (FAA) order.[41] The statute at issue in *Ligon* provided for review of FAA Administrator orders by a court of appeals.[42] Because ruling on the ADEA damages claims would require the district court to review the Administrator's order, we concluded that the district court was statutorily precluded from exercising jurisdiction over the ADEA claims.[43]

The reasoning in *Dresser I* and *Ligon* applies with equal force here. Dresser's *Bivens* claims allege unconstitutional actions by Coast Guard actors during the S&R proceedings conducted by the agency. His claim is "inescapably intertwined" with a challenge to the procedure and merits of the Coast Guard's decision to revoke his license.[44] Because the district court did not have jurisdiction to review the Commandant's S&R decision, it also did not have jurisdiction over Dresser's *Bivens* claims.

\*   \*   \*

---

[40] *Dresser I*, 307 F. App'x 834, 843 (5th Cir. 2009) (unpublished) (per curiam).

[41] *Ligon v. LaHood*, 614 F.3d 150, 155 (5th Cir. 2010).

[42] *Id.* at 154 (citing *Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 571 (5th Cir. 2001)).

[43] *Id.* at 157.

[44] *See id.*

The district court's dismissal of Dresser's complaint for lack of subject matter jurisdiction is therefore AFFIRMED.