John R. WOODS, Jr., Plaintiff-Appellant,

v.

UNITED STATES of America, DEPARTMENT OF TRANSPORTATION and United States Coast Guard, Defendants-Appellees.

No. 81–3212
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 4, 1982.

John S. Hunter, New Orleans, La., for plaintiff-appellant.

William F. Baity, Asst. U. S. Atty., New Orleans, La., for defendants-appellees.

Before RUBIN, JOHNSON and GARWOOD, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The holder of a master's license challenges the Coast Guard's admonishment of him for negligence. Finding that the district court correctly upheld the Coast Guard action, we affirm.

About 6:00 a. m. on July 27, 1976, Woods was operating the M/V BILL FROREICH in the Gulf Intracoastal Waterway, pushing four empty barges in tandem, each about 190 feet long. The weather was good, the day clear. As the FROREICH flotilla entered a bend in the waterway, Woods saw an approaching flotilla, then about 200 yards from the M/V FROREICH's lead

barge. Woods gave a one-whistle warning to indicate a port-to-port passing, and reversed his engines. The flotillas passed without incident, but the M/V FROREICH's lead barge collided with a wharf and a boat moored to the bank.

This collision resulted in a charge of negligence being brought against Woods by the Coast Guard. An administrative law judge conducted a hearing and admonished appellant pursuant to the Coast Guard's charge. The Coast Guard Vice Commandant affirmed the ALJ's decision on appeal. Stating that there was sufficient evidence in the record to support the ALJ's decision, the district court granted appellee's motion for summary judgment.

 When a moving vessel collides with a fixed object there is a presumption that the moving vessel is at fault, and this presumption suffices to make out a prima facie case of negligence against the vessel. *Brown and Root Marine Operators, Inc. v. Zapata Off-Shore Co.*, 377 F.2d 724, 726 (5th Cir. 1967). The burden of disproof of fault by the moving vessel requires demonstration that its operator did all that reasonable care required. *Id.* The presumption of negligence applies to the operator as well as to the vessel. It works against all parties participating in the management of the vessel at the time of contact. *Merrill Trust Co. v. Bradford*, 507 F.2d 467, 471 (1st Cir. 1974). *See also Freeport Sulphur Co. v. S/S HERMOSA*, 526 F.2d 300, 302 n. 1 (5th Cir. 1976).

Relying on Coast Guard Commandant Decision Appeal No. 2086 (Erikson) (unreported), Woods asserts the erroneous position that he cannot be held negligent upon an unrebutted presumption. However, the defendant in *Erikson* rebutted the presumption of negligence with "significant" competent evidence. The ALJ found that Woods's testimony was not sufficient and the presumption remained unrebutted.

Our review of this decision is limited, 5 U.S.C. § 706, to determining whether the agency substantially complied with its statutory and regulatory procedures, whether its factual determinations were supported by substantial evidence, and whether its action was arbitrary, capricious, or an abuse of discretion. *Albert v. Chafee*, 571 F.2d 1063, 1065 (9th Cir. 1978). The record supports the district judge's determination that the agency's findings were supported by substantial evidence and that Woods failed to overcome the presumption of fault or to bear the burden of proof this shifted to him. The action of the ALJ in admonishing Woods was not, therefore, arbitrary, capricious, or an abuse of discretion.

Woods also contends that the specification under the charge against him is defective. In such Coast Guard proceedings, the specification sets forth the facts that form the basis of the charge. 46 C.F.R. § 5.05–17(b) (1979 and 1980). The specification must state: (1) the basis for jurisdiction, (2) the date and place of the offense, and (3) a statement of the facts constituting the offense. The purpose is to enable the person charged to identify the offense so that he can defend the charge. The charge and specification were sufficient to apprise Woods of the offense and the underlying facts that formed the basis for the charge.

For these reasons, the judgment is AFFIRMED.