714 F.2d 470
 20 ERC 1453, 1984 A.M.C. 2659
 UNITED STATES of America, Plaintiff-Appellant,
v.
T/B ARCADIAN 95, etc., et al., Defendants,
Melissa G. Towing, Incorporated, Gautier Transportation
Incorporated and Water Quality Insurance
Syndicate, in personam, Defendants-Appellees.
 No. 82-3785
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 12, 1983.
 Wm. F. Baity, Asst. U.S. Atty., New Orleans, La., Larry S. Craig, Civ. Div., Torts Branch, Dept. of Justice, Washington, D.C., for plaintiff-appellant.
 Ronald A. Johnson, R. Edward Blanchard, New Orleans, La., for Melissa G. Towing and Gautier Transp.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before BROWN, REAVLEY and JOLLY, Circuit Judges.
 JOHN R. BROWN, Circuit Judge:
 
 
 1
 This case involves an attempt by the United States Government to recover all the costs incurred in cleaning up an oil spill on the Mississippi River under the Federal Water Pollution Control Act (FWPCA), 33 U.S.C. § 1321 et seq., the Refuse Act, §§ 13 and 16 of the Rivers and Harbors Act of 1899, 33 U.S.C. §§ 407, 411, and 412 and negligence under the general maritime law. The United States spent $92,807.60 to clean up fish oil which was discharged from the T/B ARCADIAN 95 after it was rammed, while moored at the dock, on December 11, 1977 by a barge in tow of the tug MELISSA G. All parties acknowledged that the sole cause[1] of the collision and of the consequent discharge of oil was the action of the MELISSA G. The District Court therefore permitted the United States to recover against the tug MELISSA G. but the court limited that recovery to $10,300, plus pre-judgment interest. The District Court construed § 1321(g) of the FWPCA to limit the liability of a sole-fault non-discharging third party which is not guilty of willful negligence or willful misconduct to $100 per gross ton. 33 U.S.C. § 1321(g).[2] The MELISSA G. was the only party responsible for the oil spill, and the tug was not the discharging vessel. Hence, the limitation on liability was held to be applicable. The Government appeals that holding.
 
 
 2
 This statute is not a model of clarity, but it has already been interpreted by this Court on several occasions. Subsection (f) of § 1321 was the subject of inquiry in United States v. Dixie Carriers, Inc., 627 F.2d 736 (5th Cir.1980).[3] In Dixie Carriers, this Court held that the FWPCA provided the Government's exclusive remedy for oil spill cleanup costs, and that the limits on liability established by the Act could not be circumvented by allowing the Government to pursue alternative forms of action, such as maritime tort.
 
 
 3
 Significantly, though, the negligent party and the discharging party in Dixie Carriers were one and the same. Therefore, this Court in that case did not settle the issue of whether the same limitations on liability would apply when a negligent non-discharging vessel causes the oil spill.
 
 
 4
 Such a case came before this Court in United States v. M/V BIG SAM, 681 F.2d 432 (5th Cir.1982), reh. denied, 693 F.2d 451 (5th Cir.1982), cert. denied, --- U.S. ----, 103 S.Ct. 3112, 76 L.Ed.2d --- (1983). The fact situation in Big Sam, as even the Government concedes, was analytically indistinguishable from this case. Thus, the decision in that case governs the disposition of this appeal. In Big Sam, as here, the negligent vessel was not the vessel from which the oil was spilled, yet all parties agreed that the cause of the spill was the non-discharging third party's negligence. Hence, the applicable subsection was not 1321(f), which pertains to discharging vessels. It was, rather, 1321(g), which deals with non-discharging third parties. This Court ruled that although the subsections are parallel and linguistically identical, subsection (g), unlike subsection (f), does not provide an exclusive remedy. 681 F.2d at 441. This apparent inconsistency was explained by reference to 1321(h) which provides that the liabilities established by the Act "shall in no way affect any rights which ... the United States Government may have against any third party whose actions may in any way have caused or contributed to the discharge."[4] Id. at 442.
 
 
 5
 The Government argues that given our decision in Big Sam, the District Court's limitation on liability was clearly wrong and must be overturned. The offending tug basically concedes the point but, forgetting that this panel may not overrule another panel, implores us that Big Sam was inconsistent with Dixie Carriers and should now be reconsidered.
 
 
 6
 Whether, as some urged, Big Sam is at odds with Dixie Carriers, the earlier case pointed out that "section 1321(h)(2) states that the FWPCA does not affect the rights which the United States may have against a third party whose action caused an oil spill." Dixie Carriers, 627 F.2d at 742.
 
 
 7
 Big Sam no less than Dixie Carriers involved nothing more than strict statutory construction. It is the statute itself which treats negligent discharging vessels and negligent non-discharging vessels disparately. And this seeming peculiarity was not lost on the Court. Judge Gee's dissent from the denial of the petition for a rehearing en banc summarized the anomalous statutory language in this way:
 
 
 8
 Thus he who, carrying oil, solely and carelessly causes another to discharge it, is to be--in appropriate circumstances--crushed, while he who carried it and carelessly discharged it is to be shielded....
 
 
 9
 [A] third-party sole-causer .... may be crushed, while an equal-fault discharger is to be shielded.
 
 
 10
 United States v. BIG SAM, 693 F.2d 451, 458 (5th Cir.1982) (emphasis added). Surely that is an odd result, but as the majority in that case emphasized, the language of the statute is "unambiguous." 693 F.2d at 455. However much the statute in its consequences may seem illogical and inconsistent, it is the work of Congress and up to Congress to correct.
 
 
 11
 As we said it before, we must say it again. Subsection (h) permits the Government to seek to recover the full costs expended in cleaning up an oil spill, so long as the cause of the spill is not the discharging vessel. The statute permits the Government to recover more than $100 per gross ton from the tug MELISSA G. The parties stipulated below, however, that there was no willful negligence or willful misconduct on the part of the MELISSA G. And although, as the Government points out, there is a presumption of negligence against a moving vessel when, as here, it strikes a fixed or non-moving object, Woods v. U.S. Department of Transportation, 681 F.2d 988, 990 (5th Cir.1982); Brown & Root Marine Operators, Inc. v. Zapata Off-Shore Co., 377 F.2d 724, 726 (5th Cir.1967), that presumption is not irrebuttable. See, e.g., Brown & Root, 377 F.2d at 726; Boudoin v. J. Ray McDermott & Co., 281 F.2d 81, 82, 87 (5th Cir.1960). At the trial below, the tug MELISSA G., successfully acting on the theory that liability would be limited, did not have to undertake rebutting the presumption. Having now been sunk by Big Sam, the tug MELISSA G. must be given the opportunity to defend against negligence.
 
 
 12
 Accordingly, the District Court's construction of the FWPCA is overruled, and the case is remanded for proceedings not inconsistent with this opinion.
 
 
 13
 REVERSED and REMANDED.
 
 
 
 [1]
 The stipulation was only that the tug MELISSA G. was the sole cause of the oil spill in keeping with 33 U.S.C. § 1321(f)(1)(D) "an act or omission of a third party without regard to whether any such act or omission was or was not negligent." There was no admission or stipulation that this "cause" was due to negligence of the tug MELISSA G
 
 
 [2]
 Subsections (f), (g), and (h) of 33 U.S.C. § 1321 read, in pertinent part, as follows:
 Liability for actual costs of removal
 (f)(1) Except where an owner or operator can prove that a discharge was caused solely by (A) an act of God, (B) an act of war, (C) negligence on the part of the United States Government, or (D) an act or omission of a third party without regard to whether any such act or omission was or was not negligent, or any combination of the foregoing clauses, such owner or operator of any vessel from which oil or a hazardous substance is discharged in violation of subsection (b)(3) of this section shall, notwithstanding any other provision of law, be liable to the United States Government for the actual costs incurred under subsection (c) of this section for the removal of such oil or substance by the United States Government in an amount not to exceed, in the case of an inland oil barge $125 per gross ton of such barge, or $125,000, whichever is greater, and in the case of any other vessel, $150 per gross ton of such vessel (or, for a vessel carrying oil or hazardous substances as cargo, $250,000), whichever is greater, except that where the United States can show that such discharge was the result of willful negligence or willful misconduct within the privity and knowledge of the owner, such owner or operator shall be liable to the United States Government for the full amount of such costs. Such costs shall constitute a maritime lien on such vessel which may be recovered in an action in rem in the district court of the United States for any district within which any vessel may be found. The United States may also bring an action against the owner or operator of such vessel in any court of competent jurisdiction to recover such costs.
 Third party liability
 (g) Where the owner or operator of a vessel (other than an inland oil barge) carrying oil or hazardous substances as cargo or an onshore or offshore facility which handles or stores oil or hazardous substances in bulk, from which oil or a hazardous substance is discharged in violation of subsection (b) of this section, alleges that such discharge was caused solely by an act or omission of a third party, such owner or operator shall pay to the United States Government the actual costs incurred under subsection (c) of this section for removal of such oil or substance and shall be entitled by subrogation to all rights of the United States Government to recover such costs from such third party under this subsection. In any case where an owner or operator of a vessel, of an onshore facility, or of an offshore facility, from which oil or a hazardous substance is discharged in violation of subsection (b)(3) of this section, proves that such discharge of oil or hazardous substance was caused solely by an act or omission of a third party, or was caused solely by such an act or omission in combination with an act of God, an act of war, or negligence on the part of the United States Government, such third party shall, notwithstanding any other provision of law, be liable to the United States Government for the actual costs incurred under subsection (c) of this section for removal of such oil or substance by the United States Government, except where such third party can prove that such discharge was caused solely by (A) an act of God, (B) an act of war, (C) negligence on the part of the United States Government, or (D) an act or omission of another party without regard to whether such act or omission was or was not negligent, or any combination of the foregoing clauses. If such third party was the owner or operator of a vessel which caused the discharge of oil or a hazardous substance in violation of subsection (b)(3) of this section, the liability of such third party under this subsection shall not exceed, in the case of an inland oil barge $125 per gross ton of such barge, or $125,000, whichever is greater, and in the case of any other vessel, $150 per gross ton of such vessel (or, for a vessel carrying oil or hazardous substances as cargo, $250,000), whichever is greater. In any other case the liability of such third party shall not exceed the limitation which would have been applicable to the owner or operator of the vessel or the onshore or offshore facility from which the discharge actually occurred if such owner or operator were liable. If the United States can show that the discharge of oil or a hazardous substance in violation of subsection (b)(3) of this section was the result of willful negligence or willful misconduct within the privity and knowledge of such third party, such third party shall be liable to the United States Government for the full amount of such removal costs. The United States may bring an action against the third party in any court of competent jurisdiction to recover such removal costs.
 Rights against third parties who caused or contributed to discharge
 (h) The liabilities established by this section shall in no way affect any rights which (1) the owner or operator of a vessel or of an onshore facility or an offshore facility may have against any third party whose acts may in any way have caused or contributed to such discharge, or (2) the United States Government may have against any third party whose actions may in any way have caused or contributed to the discharge of oil or hazardous substance.
 
 
 [3]
 See note 2, supra
 
 
 [4]
 See note 2, supra