**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 2, 2011

Lyle W. Cayce
Clerk

No. 10-30648

MURRAY R. ROGERS,

Plaintiff-Appellant,

v.

JOSEPH N. INGOLIA, individually and in his official capacity as
the Chief Administrative Law Judge for the United States Coast
Guard; THAD W. ALLEN, in his official capacity as the Commandant
of the United States Coast Guard; TERRY M. CROSS, in his official
capacity as the Vice Commandant of the United States Coast Guard;
HANNA LEBLOND; GEORGE J JORDAN; KENNETH V. WILSON; MEGAN H.
ALLISON; JIM WILSON,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-cv-03652

Before DAVIS, CLEMENT and ELROD, Circuit Judges.

PER CURIAM:[*]

This case involves mariner Murray R. Rogers's allegations that Coast
Guard administrative law judges, clerks, and other staff conspired to "fix"
administrative proceedings relating to an admonishment issued by the Coast
Guard with respect to his license. The district court dismissed the case with

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

prejudice because it lacked subject matter jurisdiction over the plaintiff's unexhausted administrative law and damages claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In this appeal, Rogers primarily argues that the district court erred in dismissing his *Bivens* claims, despite his failure to exhaust his administrative remedies, because his claims in this case are distinct from his challenge to the admonishment. Rogers also claims that the court improperly dismissed his declaratory judgment claims, and should not have dismissed his complaint with prejudice.

## I.

A Suspension and Revocation (S&R) proceeding is an Administrative Procedure Act (APA) hearing on the record before an administrative law judge (ALJ) to consider allegations of misconduct, negligence or incompetence, and can result in an admonition, or in the suspension or revocation of a merchant marine's license, if the Coast Guard's allegations are proven. A mariner has a right of appeal from the determination of the ALJ assigned to his case. The first level of administrative appeal for all ALJ determinations is to the Commandant of the Coast Guard. *See* 33 C.F.R. § 20.1001; 46 C.F.R. § 5.65. The Commandant's decision can then also be appealed. Where the Commandant has affirmed a suspension or revocation of a merchant marine's license, the appeal of his or her decision must be taken to the National Transportation Safety Board (NTSB). *See Dresser v. MEBA Med. & Benefits Plan*, 628 F.3d 705, 708-709 (5th Cir. 2010) (holding that the sole avenue for appeal of the Commandant's suspension or revocation decision is through the NTSB); *see also* 49 U.S.C. § 1133 (providing that the NTSB shall review "a decision of the head of the department in which the Coast Guard is operating on an appeal from the decision of an administrative law judge denying, revoking or suspending a license"); 49 C.F.R. §§ 825.1-825.40; 46 C.F.R. § 5.713. When the ALJ's order results only in

an admonition, however, then appeal can be made only to a district court. *See, e.g., Woods v. United States*, 681 F.2d 988 (5th Cir. 1982).

In June 2004, the Coast Guard initiated an S&R action against Rogers, alleging that Rogers violated Coast Guard policies by leaving the wheelhouse and allowing an unlicensed mariner to navigate the vessel. ALJ Jeffie J. Massey was assigned to preside over Rogers's S&R proceedings.  During the discovery phase of the S&R proceedings, the Coast Guard failed to meet certain deadlines set by Massey.  After giving the Coast Guard extensions of time to comply with those deadlines, and being informed by the Coast Guard that it did not intend to comply with Massey's discovery order, Massey invited Rogers to file motions for sanctions against the Coast Guard.

On February 24, 2005, approximately two weeks after Massey issued the order inviting sanctions, certain individuals from the Coast Guard Administrative Judicial staff held a meeting in which Rogers alleges that the participants discussed Massey's discovery orders.  Although neither Massey nor Ingolia attended the meeting, Rogers asserts that the purpose of the meeting was to pressure Massey into ruling in favor of the Coast Guard.  Moreover, Rogers believes that the meeting was aimed more generally at limiting the rights of mariners fighting misconduct allegations during S&R proceedings.  In March 2005, approximately two weeks after the meeting, Ingolia issued a policy letter to all Coast Guard ALJs entitled "Guidelines for Discovery Requests," which in Rogers's view memorialized the Coast Guard's litigation position in his case.  In response, Massey wrote a series of memos to Ingolia complaining that the new policies eroded her judicial independence.

Approximately two weeks after the policy letter was issued, and despite what Rogers characterizes as the Coast Guard's efforts to influence her, Massey granted Rogers's motion to dismiss the S&R action.  The Coast Guard appealed Massey's decision to the Commandant.  While this appeal was pending, Rogers filed his first complaint in federal district court, asserting claims against

numerous defendants and seeking declaratory and injunctive relief, as well as mandamus and *Bivens* relief. At Rogers's request, his case was consolidated into a single action with the cases of two other mariners aggrieved by decisions issued by Coast Guard ALJs. In November 2007, that consolidated case was dismissed by the District Court for lack of subject matter jurisdiction. In its opinion, the court held that it did not have jurisdiction to hear the plaintiffs' APA claims because they had not exhausted their administrative remedies. The district court also held that the consolidated plaintiffs' *Bivens* claims were preempted by a comprehensive regulatory framework and therefore could not be pursued. *See Dresser v. Ingolia,* 307 F. App'x 834, 838-39 (5th Cir. 2009) (setting forth the district court's reasoning). Rogers timely appealed to this court.

While that appeal was pending, the Vice Commandant overruled Massey's dismissal of the S&R hearing and remanded the case to a new ALJ, Bruce Smith, for further proceedings. After conducting a hearing, Smith found the allegations against Rogers to be truthful in January 2009. Consequently, Rogers was admonished — but did not have his license suspended or revoked — for permitting an unlicensed mariner to operate his vessel. Rogers did not appeal his admonishment to the Commandant.

Coincidentally, on the same day as Smith's determination admonishing Rogers, this court affirmed the dismissal of the consolidated plaintiffs' action against the Coast Guard. *Id.* This court first examined the consolidated plaintiffs' claims under the APA, and concluded that those claims could not be raised because the plaintiffs had failed to exhaust their APA remedies. *Id.* at 840-41. This court then considered whether the district court should have reached the plaintiffs' *Bivens* claims. After examining recent cases in this circuit concluding that, in certain circumstances, broad-based challenges to an administrative scheme can be considered in the absence of administrative exhaustion, *see Zephyr Aviation L.L.C. v. Dailey*, 247 F.3d 565 (5th Cir. 2001), this court nonetheless concluded that "the district court lacked subject matter

jurisdiction over the plaintiffs' *Bivens* claims because such claims were inescapably intertwined with a review of the procedure and merits surrounding their respective [decisions]." *Dresser* 307 F. App'x at 842. We held that, "[u]nlike in *Zephyr Aviation*, where the plaintiff did not have to exhaust its administrative remedies because it was asserting claims that did not relate to an 'order currently pending against it,' here the allegations of ALJ's 'fixing' cases necessitates a review of the ALJs' decision making and the merits of each plaintiff's arguments regarding whether his license should have been revoked." *Id.* We therefore affirmed the district court's dismissal of the plaintiffs' claims without prejudice, but specifically refused to reach the preemption grounds relied on by the district court.

Four months later, Rogers filed this case seeking relief on the same grounds as in his first complaint. The defendants again moved to dismiss Rogers's claims for lack of subject matter jurisdiction. The district court determined that Rogers's claims were "identical to those held to be inescapably intertwined with administrative procedures" in *Dresser*. Therefore, the district court determined that "this [c]ourt lacks subject matter jurisdiction to hear [Rogers's] *Bivens* claims," and dismissed those claims without prejudice. In that opinion, however, the district court did not dismiss Rogers's declaratory judgment claims, holding that "subject matter jurisdiction exists over those claims and Defendants cannot assert immunity against claims for injunctive relief relating to acts performed in their official capacities."

The defendants moved for reconsideration, arguing that Rogers's declaratory judgment action also failed. In June 2010, the district court agreed and held that because a declaratory judgment would not redress Rogers's grievances, Rogers had failed to present a live case or controversy for the court's consideration, and therefore the court lacked subject matter jurisdiction over that claim as well. The district court based its holding that a declaratory judgment would not redress Rogers's claims on the fact that "the only discernible

injury that [Rogers] asserts is that his actions in relation to the S&R proceedings, as well as the allegations he asserted of case-fixing by Coast Guard officials, has severely restricted his employment opportunities in the maritime industry."  According to the district court, none "of the relief requested by Plaintiff will redress those alleged injuries." In the alternative, the district court decided that Rogers's claims failed because the Declaratory Judgment Act does not independently confer jurisdiction on a court.  When the district court issued its final judgment in July 2010, that judgment dismissed Rogers's claims with prejudice.  The district court did not explain why it chose to dismiss Rogers's claim with prejudice.

## II.

Rogers's first claim is that the district court erred by finding that it lacked subject matter jurisdiction to decide his *Bivens* damages claims.  This court reviews a district court's dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction de novo.  *Taylor v. Acxiom Corp.*, 612 F.3d 325, 331 (5th Cir. 2010). Rogers acknowledges the general rule that "plaintiffs should not be able to circumvent administrative review through suit in federal court." *See, e.g., Mace v. Skinner*, 34 F.3d 854, 857-58 (9th Cir. 1994). Under this court's precedent in *Zephyr Aviation*, however, Rogers argues that a plaintiff's broad based constitutional attack on an agency's action provides a district court with subject matter jurisdiction – even where the plaintiff has failed to exhaust his administrative remedies, as here – unless those claims are "inescapably intertwined with a review of the procedures and merits" of an agency's decisions. 247 F.3d at 572-73.  Because he believes that his claims of a broad culture of case-fixing do not implicate the specific issues presented by his S&R proceeding, Rogers argues that his *Bivens* claims survive under the doctrine set forth in *Zephyr Aviation*.

While Rogers's arguments may have merit in the sense that his claims in this case are broader than the simple claim that he was wrongly admonished, he is not litigating on a blank slate. We have already considered whether Rogers's *Bivens* claims are inescapably intertwined with his administrative review and directly held that the claims raised in his first complaint did not fall into the *Zephyr Aviation* exception, *Dresser*, 307 F. App'x. at 843. Therefore Rogers is now precluded from relitigating subject matter jurisdiction.

The Supreme Court has squarely held that "a party that has had an opportunity to litigate the question of subject-matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment." *Ins. Corp. of Ireland, Ltd. v. Compagne des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982); *see also In re Eagle Bus Mfg.*, No. 00-40500, 2000 WL 1701717, at \*1 (5th Cir. Oct. 27, 2000) (observing that although subject matter jurisdiction can be raised at any time in a proceeding, once it has been litigated and judgment becomes final, the determination has res judicata effect) (unpublished)). Here, we have already once considered and decided Rogers's claim of subject matter jurisdiction. After analyzing his argument, we concluded that "the district court lacked subject matter jurisdiction over the plaintiffs' *Bivens* claims because such claims were inescapably intertwined with a review of the procedure and merits surrounding their respective [ALJ decisions and orders]." *Dresser*, 307 F. App'x at 843.[1] Rogers's complaint in *Dresser* was effectively identical to his complaint in this case, as Rogers implicitly recognizes by devoting much of his brief to arguing that this court's

---

[1] Both parties believe the relevant rubric under which to discuss this court's previous adjudication of Rogers's claim is the law-of-the-case doctrine. It is not. The law-of-the-case doctrine applies only to subsequent appeals in the same case. Here, although the issues Rogers raises are the same, there can be no dispute that the present case was filed after a final judgment was issued in his previous case. That situation does not implicate the law-of-the-case doctrine. *See, e.g.*, *Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir. 1983) (describing the difference between res judicata and the law-of-the-case doctrine).

previous opinion was wrong. Thus, because Rogers's claims still suffer from the same jurisdictional infirmity they suffered when we last examined them, Rogers is precluded from raising his claims once again by our previous decision.

Rogers attempts to differentiate this court's opinion in *Dresser* by arguing that his claims (as opposed to the claims of his consolidated co-plaintiffs) were never specifically addressed in this court's opinion, and therefore the court's resolution of the issue does not apply to him. As he puts it, "in finding that the district court lacked subject matter jurisdiction over the plaintiffs' *Bivens* claims . . . the Fifth Circuit referred to the plaintiffs generally and lumped all of them together without examining each plaintiff's specific claims." *See id.* at 838 n.5. Rogers is incorrect. Indeed, he himself asked for his case to be consolidated with those of the two other litigants in the same position, he filed his own brief in this court as one of the plaintiffs appealing the district court's decision, and this court discussed Rogers's claims in detail in its eventual determination. Indeed, in the relevant part of the *Dresser* opinion, discussing the plaintiffs' *Bivens* claims as a whole, the court made no distinction whatsoever between the litigants, deciding rather the broad question of whether the types of claims they brought support the district court's subject matter jurisdiction. *See id.* at 842-843.

Rogers next argues that the district court erred, on reconsideration, in concluding that it lacked subject matter jurisdiction to consider his declaratory judgment claim because his injury could not be redressed by a favorable decision. He plausibly argues that, contrary to the district court's holding, a declaratory judgment in his favor would expunge the black mark of an admonishment from his record. Moreover, to the extent that Rogers's employment prospects would be hurt by being thought to be a whistleblower, being vindicated by receiving a declaratory judgment in his favor might indeed redress his injury. This court need not resolve this issue, however, because assuming *arguendo* that Rogers's claim satisfies the case or controversy requirement, the district court nonetheless correctly dismissed his claim as "no subject matter jurisdiction

exists because the Declaratory Judgment Act 'does not confer subject matter jurisdiction on a federal court where none otherwise exists.'"  As this court recently observed, the "Declaratory Judgment Act is not an independent ground for jurisdiction; it permits the award of declaratory relief only when other bases for jurisdiction are present." *Walcott v. Sebelius*, No. 10-10290, 2011 WL 870724, at *8 (5th Cir. Mar. 15, 2011) (not yet published) (quoting *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 2010).  Thus, because the district court lacked subject matter jurisdiction over all of Rogers's other claims, the court was also required to dismiss Rogers's declaratory judgment claims.

Finally, Rogers argues that the district court should not have dismissed his claims with prejudice.  Because the dismissal of those claims was jurisdictional in nature, we agree and modify the judgment as to Rogers's claims to operate without prejudice.  *See, e.g., Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001) (modifying district court judgment to be without prejudice).

## III.

For the foregoing reasons, the district court's opinion is AFFIRMED AS MODIFIED.